Elliot Rosenberger (Cal. Bar No. 298838)
er@biletskyrosenberger.com
Attorney for Plaintiff
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 256-5075
Facsimile: (866) 317-2674

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RANDOLF, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING,<br><br>Defendant. | Case No. 2:17-cv-538<br><br>**Class Action Complaint**<br><br>**Jury Trial Demanded** |

## NATURE OF ACTION

1.     Plaintiff Curtis Randolf ("Plaintiff") brings this putative class action against Defendant New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, on behalf of himself and all others similarly situated.

# JURISDICTION, VENUE, AND STANDING

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.      "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact

for Article III standing.  *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.     "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition."  *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

7.     Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

8.     To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

9.     Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers.  *Clark*, 460 F.3d at 1176.

10. "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primacy enforcement tool of the Act.'" *Id.* (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

11. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000).

12. "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-8 (9th Cir. 2014) (emphasis in original).

13. "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.*, 380

U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

14. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts, including the "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

15. Another key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

16. "To satisfy section 1692g's requirements, the notice Congress required must be conveyed effectively to the debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997) (quoting *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir. 1988)) (internal citations omitted); *see also Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) ("When § 1692g(a) requires that a communication include certain information,

compliance demands more than simply including that information in some unintelligible form.").

17.   To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *See* 15 U.S.C. § 1692g(b).

18.   While a debt collector may legally initiate suit or further collection activity before the expiration of the 30-day period, a debt collection notice violates § 1692g where such threats would cause an unsophisticated consumer to overlook or ignore his or her rights.

19.   Where a collection letter makes no effort to explain that the consumer may take advantage of his or her rights under § 1692g, notwithstanding the threat to file a lawsuit within the 30-day dispute period, the debt collector runs the risk of violating § 1692g(b).

20.   "Because the letter lacks any explanation of how the threats pressuring the consumer for immediate payment are consistent with the validation notice, the threats overshadow and contradict the notice, which therefore has not been effectively conveyed." *Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp. 2d 808, 819-20 (M.D.N.C. 2011).

21.     The notice of a consumer's rights under § 1692g may be "overshadowed" by language within the validation letter itself.  *See Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938 (D. Ariz. 2003) ("The juxtaposition of two inconsistent statements' renders the notice invalid under § 1692g.") (quotations removed).

## PARTIES

22.     Plaintiff is a natural person who at all relevant times resided in the State of California, County of Los Angeles, and City of Lancaster.

23.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

24.     Defendant is a corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

25.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

26.     Plaintiff is a natural person allegedly obligated to pay a debt.

27.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a mortgage of a personal residence through Bank of America (the "Debt").

28.   Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

29.   In connection with the collection of the Debt, Defendant sent Plaintiff multiple written communications all dated January 22, 2016 and received by Plaintiff several days later.

30.   Defendant's January 22, 2016 letters informed Plaintiff that his Debt was in default (the "Default Letter"), discussed foreclosure on his home (the "Foreclosure Letter"), and included a validation of debt notice (the "Debt Validation Letter").

31.   These were Defendant's initial communications with Plaintiff in connection with the collection of the Debt.

**Defendant's Default Letter, Foreclosure Letter, and Debt Validation Letters made statements that were inconsistent with Plaintiff's right to dispute the Debt.**

32.   A true and accurate copy of Defendant's Default Letter sent to Plaintiff dated January 22, 2016 is attached to this complaint as Exhibit A.

33.   The Default Letter stated: "TO RECEIVE HELP WITH YOUR MORTGAGE, YOU MUST ACT BY: 2/21/2016!" Exhibit A.

34.     This deadline was exactly thirty days from the date the letter and requested that Plaintiff submit various forms that contained tax information and income documentation.  Exhibit A.

35.     Despite giving Plaintiff a deadline to submit documentation or make a payment, Defendant's Default Letter made no reference to Plaintiff's rights to dispute the Debt within the 30 day dispute period under § 1692g(a) or to explain the effect that Plaintiff's dispute would have on Defendant's collection activity.

36.     A true and accurate copy of Defendant's Foreclosure Letter sent to Plaintiff dated January 22, 2016 is attached to this complaint as Exhibit B.

37.     Defendant's Foreclosure Letter states that the owner of the Debt had instructed Defendant to commence foreclosure on the Plaintiff's home.

38.     As with Defendant's Default Letter, the Foreclosure Letter failed to make any reference to Plaintiff's rights to dispute the Debt within the 30 day dispute period under § 1692g(a) or to explain the effect that Plaintiff's dispute would have on Defendant's collection activity.

39.     Defendant's January 22, 2016 Debt Validation Letter, purported to contain the notices required in an initial communication under 15 U.S.C. § 1692g(a).

40.     A true and accurate copy of Defendant's Debt Validation Letter is attached to this complaint as Exhibit C.

41.     The Debt Validation letter also failed to provide an explanation of Plaintiff's rights under the FDCPA, namely that Defendant would be required to suspend further collection activity if Plaintiff disputed the Debt or requested the name and address of the original creditor.

42.     By giving Plaintiff less than 30 days to discuss payment options with Defendant in its Default Letter—Exhibit A—and by stating in its Foreclosure Letter that Defendant would foreclose on Plaintiff's home—Exhibit B—Defendant made statements which overshadowed or were inconsistent with Plaintiff's right to dispute the Debt and request the name and address of the original creditor.

**Defendant threatened legal action which it could not legally take.**

43.     As stated above, Defendant's Foreclosure Letter states that the owner of the Debt had instructed Defendant to commence foreclosure on the Plaintiff's home.  Exhibit B.

44.     Defendant's Foreclosure Letter also states: "In addition to foreclosing on the property, the owner of the mortgage loan may seek a deficiency judgment against you if the proceeds from the foreclosure sale do not pay off the amount you owe on the mortgage loan."  Exhibit A.

45.     However, California law prohibits the collection of a deficiency judgment under a mortgage that was used for the purchase of a property.  Cal Civ. Proc. Code § 580b(a)(2) (West 2014).

46.     Therefore, Defendant's Foreclosure letter threatened to take an action which Defendant could not legally take.

**Defendant failed to accurately state the name of the current creditor.**

47.     Defendant purported to contain the notices required of an initial communication in connection with the collection of the Debt under 15 U.S.C. § 1692g(a) in its Debt Validation letter.

48.     Among the notices required under the FDCPA, Defendant must meaningfully convey "the name of the creditor to whom the debt is owed."   15 U.S.C. § 1692g(a)(2).

49.     Defendant's Debt Validation letter stated that the "creditor to whom the debt is owed is Bank of America, N.A."  Exhibit C.

50.     Plaintiff disputed the Debt within the 30-day dispute period in a letter to Defendant dated February 12, 2016.

51.     A true and accurate copy of Plaintiff's February 12, 2016 dispute letter is attached to this complaint as Exhibit D.

52.     Among the specific requests made in the dispute letter, Plaintiff requested proof that Bank of America was the current creditor of the Debt.  *See* Exhibit D at ¶ 8 ("Furthermore it is stated that Bank of America, N.A. is a creditor; please affirm through documentation proving this fact.").

53.     Defendant responded to Plaintiff's request for validation of the Debt on March 22, 2016.

54.     A true and correct copy of Defendant's response to Plaintiff's request for validation of the Debt is attached to this complaint as Exhibit E.

55.     Contrary to the current creditor of the Debt identified in Defendant's January 22, 2016 Debt Validation Letter, Defendant stated in its March 22, 2016 letter that: "The current owner of this loan is the Bank of New York, Mellon FKA the Bank of New York, as Trustee for the Certificateholders of CWABS, Inc. . . ." *Compare* Exhibit C *with* Exhibit E.

56.     Upon information and belief, Bank of New York Mellon, and not Bank of America, is the true creditor to whom the Debt is owed.

57.     Therefore, Defendant failed to accurately state the identity of the creditor to whom the Debt is owed in its Debt Validation Letter.  *Compare* Exhibit C *with* Exhibit E.

## CLASS ALLEGATIONS

58.     Plaintiff repeats and re-alleges all factual allegations above.

59.     Upon information and belief, each of Defendant's January 22, 2016 letters are based on a form or template.

60.     The Foreclosure Letter template threatens to obtain a deficiency judgment on a consumer's debt when, in fact, it is against California law to obtain a deficiency judgment.  *See* Cal Civ. Proc. Code § 580b (West 2014).

61.     The Debt Validation Letter template fails to meaningfully convey Plaintiff's rights to dispute the Debt, and Foreclosure and Default Letter templates make statements which overshadow a consumer's right to dispute the Debt.

62.     Further, the Debt Validation Letter template fails to accurately state the name of the creditor to whom the consumer's debt is owed.

63.     Plaintiff brings this action on behalf of himself and all others similarly situated.  Specifically, Plaintiff seeks to represent the following classes:

**Class One:** (a) All individuals with a California address (b) to whom Defendant mailed a letter based on the Foreclosure Letter template (c) from one year before the date of this complaint through the date of an order certifying this action under Rule 23 (d) in connection with the collection of a debt and (e) where it states: "[T]he owner of the mortgage loan may seek a deficiency judgment against you if the proceeds from the foreclosure sale do not pay off the amount you owe on the mortgage loan" when Defendant is not legally allowed to obtain a deficiency judgment on the consumer's debt.

**Class Two:** (a) All individuals with a California address (b) to whom Defendant mailed a letter based on the Debt Validation Letter template (c) from one year before the date of this complaint through the date of an order certifying this action under Rule 23 (d) in connection with the collection of a debt and (e) which falsely stated that Bank of America was the current creditor of the debt.

**Class Three:** (a) All individuals with a California address (b) to whom Defendant mailed a letter based on the Debt Validation Letter template (c) from one year before the date of this complaint through

the date of an order certifying this action under Rule 23 (d) in connection with the collection of a debt and (e) where it failed to meaningfully convey that—if the consumer disputed their debt—Defendant would need to provide verification prior to moving forward with collection activities.

64.     The proposed classes specifically exclude the United States of America, the State of California, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

65.     The classes are averred to be so numerous that joinder of members is impracticable.

66.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

67.     The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

68.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members.  Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's

violations of 15 U.S.C. § 1692 et seq.; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

69.     The claims of Plaintiff are typical of the claims of the classes he seeks to represent.

70.     The claims of Plaintiff and of the classes originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

71.     Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

72.     Plaintiff will fairly and adequately protect the interests of the classes and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

73.     Plaintiff is willing and prepared to serve this Court and the proposed classes.

74.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

75.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will

adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

76.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B).  The prosecution of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes who are not parties to the action or could substantially impair or impede their ability to protect their interests.

77.    The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual members of each class, which would establish incompatible standards of conduct for the parties opposing each class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within each class.

78.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the classes, making final declaratory or injunctive relief appropriate.

79.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the classes predominate over any questions affecting only individual members.

80.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(5)

81.     Plaintiff repeats and re-alleges each factual allegation above.

82.     The FDCPA forbids debt collectors from threatening "to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).

83.     Defendant violated 15 U.S.C. § 1692e(5) by stating, in its Foreclosure Letter, that Defendant could "seek a deficiency judgment against you if the proceeds from the foreclosure sale do not pay off the amount you owe on the mortgage loan" when California law prohibits the collection of a deficiency judgment under a mortgage that was used for the purchase of a property.  *See* Cal Civ. Proc. Code § 580b(a)(2) (West 2014).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e with respect to Plaintiff and Class One which he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the court may allow, in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

84.   Plaintiff repeats and re-alleges each factual allegation above.

85.   The FDCPA forbids the use of false, misleading, or deceptive means in connection with the collection of a debt.  15 U.S.C. § 1692e(10).

86.   Defendant violated § 1692e(10) by stating, in its Foreclosure Letter, that Defendant could "seek a deficiency judgment against you if the proceeds from the foreclosure sale do not pay off the amount you owe on the mortgage loan" when California law prohibits the collection of a deficiency judgment under a mortgage that was used for the purchase of a property.  *See* Cal Civ. Proc. Code § 580b(a)(2) (West 2014).

87.   Defendant further violated § 1692e(10) for causing confusion over the identity of the current creditor, including by stating, in its Debt Validation Letter, that Bank of America was the current creditor of Plaintiff's Debt when, in fact, Bank of New York Mellon was the true creditor to whom the Debt is owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of

Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(10) with respect to Plaintiff and Classes One and Two which he seeks to represent;

c) Awarding Plaintiff and the classes he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the court may allow, in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the classes he seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff and the classes he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692g(a)(2)**

88.     Plaintiff repeats and re-alleges each factual allegation above.

89.     The FDCPA requires that debt collectors send a written notice to a consumer, within five days after the initial communication in connection with the collection of a debt, notifying them of "the name of the creditor to whom the debt is owed."  15 U.S.C. § 1692g(a)(2).

90.     Defendant violated 15 U.S.C. § 1692g(a)(2) by stating, in its Debt Validation Letter, that Bank of America was the current creditor of Plaintiff's Debt when, in fact, Bank of New York Mellon was the true creditor to whom the Debt is owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2) with respect to Plaintiff and Class Two which he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the court may allow, in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(b)

91.    Plaintiff repeats and re-alleges each factual allegation above.

92.    The FDCPA forbids debt collectors from any collection activities or communication during the 30-day dispute period which overshadow or are inconsistent with a consumer's right to dispute the debt or request the name and address of the original creditor.  15 U.S.C. § 1692g(b).

93.     Defendant violated 15 U.S.C. § 1692g(b) by failing to properly explain, in its Debt Validation Letter, the effect that Plaintiff's dispute—within the 30-day dispute period—would have on the collection efforts threatened by Defendant within the 30-day period in its Default Letter and Foreclosure Letter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(b) with respect to Plaintiff and Class Three which he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the court may allow, in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper.

## TRIAL BY JURY

94.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 23, 2017

Respectfully submitted,

/s/ Elliot Rosenberger
Elliot Rosenberger (Cal. Bar No. 298838)
er@biletskyrosenberger.com
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 256-5075
Facsimile: (866) 317-2674

*Co-counsel with Thompson Consumer Law Group, PLLC*

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206

Attorneys for Plaintiff